# Court of Appeals
# of the State of Georgia

ATLANTA,  February 1̃0, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0354. IMARA SUDAH v. CHRISTOPHER BUTTS.**

Imara Sudah (the "mother") and Christopher Butts (the "father") are the parents of a minor child. After the trial court issued a final order, awarding the mother sole physical and legal custody of the child , the father filed a petition for modification of custody. On January 14, 2026, the trial court issued an order, which stayed the father's modification case and directed him to file the action in Virginia, the more appropriate forum. In doing so, the court stated that the father would have visitation with the child on certain dates in February 2026. Here, the mother seeks review of that order, arguing that the court improperly authorized visitation following family violence. For the reasons that follow, we grant this application.

Ordinarily, appeals of orders in domestic relations cases must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35(a)(2). However, under OCGA § 5-6-34(a)(11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. See OCGA § 19-9-41(4) (defining a "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is in issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from family violence, in which the issue may appear."). Here, because the mother challenges the visitation provisions in the court's order, this case is subject to direct appeal. See, e.g., *Perlman v. Perlman*, 318 Ga. App. 731, 733 (1) (734 SE2d 560) (2012).

This Court will grant a timely discretionary application if the lower court's

order is subject to direct appeal. See OCGA § 5-6-35(j). Accordingly, the mother's application is hereby GRANTED. The mother shall have ten days from the date of this order to file a notice of appeal with the trial court, if she has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __02/10/2026__

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*